

**IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | |
| vs. | |
| **EDWARD LEE MOODY, JR. AND CM CAPITAL MANAGEMENT, LLC,** | Civil Action No. 3:18-cv-00442-JAG <br><br> **UNDER SEAL** |
| Defendants, | |
| and | |
| **G.E. HOLDINGS CORP.,** | |
| Relief Defendant. | |

## PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS, ORDER TO SHOW CAUSE, AND OTHER EMERGENCY RELIEF

Pursuant to Rule 65(b), Plaintiff U.S. Securities and Exchange Commission ("Commission" or "SEC"), hereby files an emergency application respectfully requesting that the Court enter an *ex parte* order freezing assets, issuing an order to show cause, and granting other relief against Edward Lee Moody, Jr. ("Moody") and CM Capital Management, LLC ("CM Capital") (collectively, "Defendants"), and Relief Defendant G.E. Holdings Corporation ("G.E. Holdings").

CM Capital is a Virginia- registered investment adviser owned and controlled by Moody. From at least October 2009 to the present, Moody, individually and through CM Capital, has operated a Ponzi scheme and defrauded at least dozens of investors. Specifically, Defendants

raised approximately $4.95 million from approximately 60 individuals and entities for investment purposes. However, Defendants did not invest that money on their behalf, as they had represented they would. Instead, Moody misappropriated approximately $2.26 million for his personal use, while paying out $1.4 million to earlier investors. Another $1.2 million remains in accounts that Moody controls. With his illicit proceeds, Moody purchased a house, made car payments, dined, traveled, and shopped. He also invested $884,690 on his own behalf, over $628,694 of which he subsequently lost.

To maintain the illusion of legitimacy, and to conceal the misuse of investor assets, Defendants provided false account statements. Those statements purport to show that Defendants' clients are profitably invested, when in fact their assets have either been dissipated or remain, uninvested, in bank accounts that Moody controls. Defendants' fraud is ongoing. In 2018, Defendants have obtained at least $1.1 million from investors, including $1 million from a single investor in February. In April 2018 alone, Defendants misappropriated over $225,000 in investor assets.

In support of this Application, the Commission has submitted the Complaint in this action, the Memorandum of Law in Support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order Freezing Assets, Order to Show Cause, and Other Emergency Relief, and the Declarations of Devon L. Staren, Jeffrey R. Anderson, and Sarah M. Hall (and exhibits attached thereto). As set forth in these documents, freezing the assets of Defendants and Relief Defendant and granting the other relief requested herein will maintain the *status quo*, prevent further dissipation of investor funds, permit the Commission to conduct expedited discovery, and protect the Commission's ability to collect on any final judgment of this Court. Accordingly, the Commission respectfully requests an Order:

i. freezing Defendants' and Relief Defendant's assets, wherever located, and directing that all financial and depository institutions comply with the Court's Order;

ii. requiring that Defendants and Relief Defendant file with the Court and serve upon Plaintiff and the Court, within three (3) business days of the issuance of the Court's Order, to provide a verified written accounting detailing all of their assets, including all funds or other assets received from investors or from one another;

iii. prohibiting the destruction or alteration of documents related to the allegations or transactions alleged in the Commission's Complaint or to the assets, finances, or business operations of the Defendants and Relief Defendant;

iv. authorizing expedited discovery, including allowing the parties to commence discovery immediately, requiring parties' production of documents within three (3) days of service, and shortening notice periods for depositions to five (5) days; and

v. setting this matter for a further hearing and ordering Defendants and Relief Defendant to show cause why the asset freeze should not remain in place pending final resolution of this matter.

Dated: June 27, 2018.

Respectfully submitted,

*/s/ Sarah Hall*

Sarah Hall (VSB No. 71084)
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4784
halls@sec.gov

Of Counsel:

Devon L. Staren (application for admission *pro hac vice* filed concurrently)
Daniel J. Maher (application for admission *pro hac vice* filed concurrently)
Nicholas C. Margida (application for admission *pro hac vice* filed concurrently)
U.S. Securities and Exchange Commission
100 F. Street NE
Washington, DC 20549

*Attorneys for Plaintiff*
*Securities and Exchange Commission*