IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD LEE MOODY, JR., AND CM CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>G.E. HOLDINGS CORP.,<br><br>Relief Defendant. | Civil Action No. 3:18-cv-442 (JAG) |

## **FINAL JUDGMENT AS TO DEFENDANT CM CAPITAL MANAGEMENT, LLC**

This matter comes before the Court on the motion of the plaintiff, Securities and Exchange Commission ("Commission"), for entry of default judgment as to defendant CM Capital Management, LLC ("CM Capital" or "Defendant"). The Commission brought this action alleging that defendants Edward Lee Moody, Jr., and CM Capital had operated a Ponzi scheme for nearly a decade, defrauding dozens of investors. The Commission alleged that CM Capital's conduct constituted fraud in connection with the purchase or sale of securities, in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder; fraud in the offer or sale of securities, in violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); and fraudulent conduct by an investment adviser, in violation of §§ 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2).

The Commission caused CM Capital to be served with copies of the summons, complaint,

and related papers by serving CM Capital's sole officer, owner, and control person, Moody, on June 28, 2018. On May 30, 2019, upon the Commission's request, the Clerk entered a default. The Commission now moves for a default judgment.

## I. **DEFAULT JUDGMENT**

When a defendant defaults, the defendant admits the well-pleaded factual allegations in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Thus, in reviewing a motion for default judgment under Federal Rule of Civil Procedure 55(b), courts accept plaintiffs' well-pleaded allegations regarding liability as true. *Id.* Courts must then determine whether the allegations support the relief sought. *Id.*

"Courts apply 'nearly identical tests' for determining liability under Section 17(a), Section 10(b), and Rule 10b-5." *SEC v. Staples*, 55 F. Supp. 3d 831, 837 (D.S.C. 2014) (quoting *SEC v. True N. Fin. Corp.*, 909 F. Supp. 2d 1073, 1122 (D. Minn. 2012)). "In a civil enforcement action under § 10(b), the SEC must establish that the defendant (1) made a false statement or omission (2) of material fact (3) with scienter (4) in connection with the purchase or sale of securities."[1] *SEC v. Woolf*, 835 F. Supp. 2d 111, 118 (E.D. Va. 2011). To make a claim under the Advisors Act, a plaintiff must show that (1) the defendant is an investment advisor,[2] (2) that the defendant engaged in fraudulent activity, and (3) that the defendant negligently breached his fiduciary duty by making false and misleading statements or omissions of material fact. *See SEC v. Gotchey*, 981 F.2d 1251, 1992 WL 385284, at *2 (4th Cir. 1992) (unpublished table decision).

---

[1] The plaintiff can prove scienter by showing that the defendant made the material misrepresentation or omission intentionally or recklessly. *SEC v. Pirate Investor LLC*, 580 F.3d 233, 241 (4th Cir. 2009).

[2] The Act defines an investment adviser as "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities." 15 U.S.C. § 80b-2(a)(11).

In this case, the Commission alleges many material false statements or omissions made by CM Capital. Moody has now admitted that he "devised a scheme and artifice to defraud persons who had transferred funds to him for the purpose of making investsments on their behalf." (Dk. No. 30-1, at 1.) Because Moody is the sole owner and controlling officer of CM Capital, his scienter can be attributed to CM Capital. *See Knurr v. Orbital ATK, Inc.*, 294 F. Supp. 3d 498, 513-14 (E.D. Va. 2018). Finally, the Commission sufficiently alleges that victims handed over money with the understanding that it would be invested in securities. Because the statute should be "construed 'not technically and restrictively, but flexibly to effectuate its remedial purposes,'" the "in connection with" requirement should be read broadly. *SEC v. Zandford*, 535 U.S. 813, 819-20 (2002) (quoting *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 151 (1972)). Thus, a defendant who "accepts payment for securities that he never intends to deliver" satisfies the requirement. *Id.* The Commission alleges that CM Capital has done exactly that.

Thus, the Commission has established the necessary elements under § 17(a), § 10(b), and Rule 10b–5. Because the Commission has alleged that clients paid CM Capital fees and granted CM Capital authority to buy and sell securities on their behalf (Dk. No. 1-1, at 6-7), CM Capital is an investment adviser under the Advisers Act and the Commission has also sufficiently alleged liability under §§ 206(1) and (2). *See Abrahamson v. Fleschner*, 568 F.2d 862, 871 (2d Cir. 1977) (holding that investments advisers who "'advise' their customers by exercising control over what purchases and sales are made with their clients' funds" are subject to the Advisers Act).

## II. INJUNCTIVE RELIEF

The Commission seeks a judgment permanently enjoining CM Capital from violating § 10(b) and Rule 10b-5, § 17(a), and §§ 206(1) and (2). "[T]he Court must issue an injunction if the SEC 'demonstrates a reasonable and substantial likelihood that the defendant, if not enjoined,

will violate securities laws in the future.'" *SEC v. Chapman*, 826 F. Supp. 2d 847, 857 (D. Md. 2011) (quoting *SEC v. Marker*, 427 F. Supp. 2d 583, 590 (M.D.N.C. 2006)). There are five factors for courts to consider in determining whether the SEC has demonstrated that likelihood:

> (1) the degree of scienter involved on the part of the defendant,
> (2) the isolated or recurrent nature of the infraction,
> (3) the defendant's recognition of the wrongful nature of his conduct,
> (4) the sincerity of his assurances against future violations, and
> (5) the likelihood, because of defendant's professional occupation, that future violations might occur.

*Id.* (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 424-25 (D. Md. 2005)). While Moody's guilty plea may represent his recognition of the wrongful nature of his and CM Capital's conduct, the degree of scienter and the recurrent nature of the infractions both weigh strongly in favor of an injunction. Finally, there is a substantial risk that Moody may commit other frauds upon his release from prison. For these reasons, the Court will grant the requested injunction.

Accordingly, the Court having determined that Defendant is not an infant or incompetent person and is not in the military service of the United States; and for good cause shown, it is hereby:

I.

ORDERED, ADJUDGED, AND DECREED that the Commission's motion is **GRANTED**.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), 80b-6(2), directly or indirectly, by use of the mails or the means or instrumentalities of interstate commerce while acting as an investment adviser:

(a) to knowingly or recklessly employ devices, schemes, or artifices to defraud advisory clients or prospective advisory clients; or

(b) to knowingly, recklessly, or negligently engage in transactions, practices, or courses of business which operate as a fraud or deceit upon clients or prospective clients.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and unrepresented parties.

Dated: 13 June 2019

/s/
John A. Gibney, Jr.
HON. JOHN A. GIBNEY, JR., U.S.D.J.

7